[Crim. No. 13692.   Second Dist., Div. Four.   Sept. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. GARY GENE GLASER, Defendant and Appellant.

Sanford Levenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert T. Jacobs, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was accused of violating section 11531 of the Health and Safety Code by selling, furnishing or giving away marijuana. On defendant's motion a pretrial discovery hearing was held and, once the informant's identity was learned, the matter was continued so the informant could be located. Defendant's motion to appear in propria persona was denied and his petition for a writ of habeas corpus was denied. The matter was called for trial, defendant

moved that the public defender be relieved and private counsel be appointed, or that he be allowed to proceed in propria persona. Defendant did not have funds to hire a private attorney. The court denied the motion, finding defendant not qualified to conduct his own defense.

The trial resumed, defendant's motion that the public defender be relieved was reviewed and denied. Defendant was found guilty by the jury. The court denied defendant's motion for a new trial, his petition for a writ of habeas corpus, his motion that the offense be reduced to a lesser offense and his application for probation. Defendant was sentenced to prison for the term prescribed by law.

Defendant appeals from the judgment and order denying his motion for new trial.[1]

At the Glendale Police Department, on September 20, 1966, undercover Narcotic Agent Rhyn Tryal contacted Larry Grooms, an informant. At about 6:30 p.m. the next day the agent and Grooms went to defendant's apartment, where Mr. Grooms introduced Agent Tryal as his cousin. Defendant said, "Youse got me at the wrong time. If you want to do business, that is." The agent said, "How's that?" and defendant said, "Well, I only have a couple of cans left." The agent asked how much he was getting for a can and defendant said between $10 and $12 but that he would let him have one for $10. The agent asked where the "stuff" was and defendant said, "Just a minute," and left the room. Defendant appeared with a sandwich bag containing a green leafy substance which he handed to the agent, and Tryal gave the defendant $10. Agent Tryal formed the opinion that the bag contained marijuana. The agent and Grooms left and met with the surveilling officers at the Glendale Police Department. It was stipulated that the green substance was marijuana. Defendant contended in his defense that the substance in the bag belonged to Grooms and that he was holding it for Grooms so that Groom's wife would not know he had it. Defendant said he offered the $10 to Grooms, but Grooms said to keep it as part of the money he owed him.

Defendant contends that his conviction was the result of an entrapment, that the evidence was not sufficient to support the verdict, and that he was deprived of the right to either have counsel of his own choosing or to proceed in propria persona.

[1]The order denying a motion for a new trial is not appealable. (Pen. Code, § 1237.)

## I

■ The evidence in support of the verdict is clearly sufficient. The undercover agent testified in detail to the sale, and defendant himself acknowledged the fact that he did sell marijuana, although he claims he did it for Groom.

Defendant contends that Agent Tryal's testimony as to the facts of the sale was simply "not believable." Credibility of witnesses and the weight of their testimony is within the province of the trier of fact. (*People* v. *Tostado* (1963) 217 Cal.App.2d 713, 718 [32 Cal.Rptr. 178].)

## II

■ Defendant's contention that he was entrapped into the sale of narcotics is not well taken. ■ When dealing with the availability of entrapment on appeal, the reviewing court must determine, "whether as a matter of law it shows that the criminal design originated not in the mind of the accused but in the mind of the officer, and that he was induced by the officer to commit a crime which he would not have otherwise committed. . . ." (*People* v. *Sweeney* (1960) 55 Cal.2d 27, 49 [9 Cal.Rptr. 793, 357 P.2d 1049].) ■ It is the rule that "If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment." (*People* v. *Lindsey* (1949) 91 Cal.App.2d 914, 917 [205 P.2d 1114]; *People* v. *Tostado* (1963) 217 Cal.App.2d 713, 719 [32 Cal.Rptr. 178].) ■ When an accused has a pre-existing criminal intent the fact that, when solicited by a decoy, he committed a crime raises no inference of entrapment. (*People* v. *Sweeney, supra.*) ■ It is clear that Officer Tryal did not lure or persuade defendant to sell marijuana and that Officer Tryal merely acted as a decoy and used no more persuasion than was necessary to effect an ordinary sale. There was no entrapment.

## III

■ The difficult issue in the case is whether or not the trial court erroneously rejected defendant's repeated demands to be allowed to represent himself.

■ It is now settled that the test to be applied by the trial court, when faced with a request by a defendant to represent himself, is whether or not defendant waives the assistance of counsel "with knowledge of its ramifications" and that the ability to pass a "mini-bar examination" is not per se determinative. (*People* v. *Ruiz* (1968) 263 Cal.App.2d

216, 221-226 [69 Cal.Rptr. 473], hearing in the Supreme Court denied.) However, the determination of whether or not that test has been met is primarily for the trial court and we may overturn it only where the record shows an abuse of discretion.[2]

In the instant case, the trial court considered defendant's request twice and at great length. It appeared that defendant had had less than a high school education and that his knowledge of law and of judicial procedure was only that which he had gained by being a defendant in two earlier cases in which he had been represented by counsel. Quite obviously he did not understand that he was to be tried at once;[3] he insisted that he had an issue of ''probable cause'' to present although it is clear from the facts (set forth above) that no such defense was available; he was insistent that the appointed counsel had acted improperly in not calling a witness to present purely cumulative testimony at a discovery proceeding; he had no witnesses to call and no concept of what defense he might present. Under these circumstances we cannot say that the trial court, with defendant before it, was in error in concluding that defendant did not understand the ramifications of his attempted waiver of counsel and that his request was not intelligently made.

The judgment is affirmed; the purported appeal from the order denying a new trial is dismissed.

Files, P. J., and Jefferson, J., concurred.

---

[2]We are not unmindful of the rule that, where a constitutional right is in issue, it is the duty of an appellate court to draw its own conclusions from the facts as found by the trial court. But, in deciding the issue of intelligent waiver of counsel, the trial court must take into consideration not only defendant's background and his answers to questions but his entire demeanor in court. Such demeanor is among the determinative facts and it is a matter which the cold record on appeal cannot show. It follows that it will be only where (as in *Ruiz*) the trial court has applied an improper standard, or where the defendant's general competency appears without question, that a court on appeal can ignore the ultimate conclusion of the trial court.

[3]Even on the second day, with the court about to impanel a jury, defendant was still contending that he should be given time and opportunity to do library research in order to plan a defense. Clearly he was not in the situation of a defendant who, for tactical reasons of his own, wants only to tell his story to the trier of fact and deliberately risks the possibility that the People's case, otherwise unattacked, may prove to be more persuasive.