[Crim. No. 14815. Second Dist., Div. Four. Mar. 7, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. GERALD E. MOORE, Defendant and Appellant.

David Ravin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and John C. Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J.—After defendant had been convicted in municipal court of a violation of section 11721 of the Health and Safety Code (using narcotics), proceedings pursuant to section 3050 of the Welfare and Institutions Code were instituted, looking toward his commitment to the California Rehabilitation Center as a narcotic addict. Two doctors were appointed, their reports were filed, and a hearing was held at

which defendant was represented by the public defender. That hearing resulted in a finding that defendant was a narcotic drug addict within the meaning of the statute and in an order that he be committed as prayed. Pursuant to the final paragraph of section 3050, defendant duly demanded a trial by jury and a jury trial date was set. Thereafter defendant asked the court to relieve the public defender and allow him to defend himself. That motion was denied but a similar motion, five days later, was granted, after a colloquy with the court. The matter was then continued twice to enable defendant to prepare for the jury trial. On the date ultimately set, he executed a stipulation that the matter be heard before a court commissioner sitting as a judge pro tempore. The jury trial proceeded before that official, resulting in a finding that defendant was an addict. Based on the jury verdict and the earlier order of commitment, he was ordered transmitted to the Rehabilitation Center. He has appealed.

## I

■ Court-appointed counsel argues that defendant was denied his constitutional right to counsel because the deputy public defender was not adequately defending him, thus forcing him to fall back on a propria persona defense.

The difficulty with that ingenious argument is that its major premise fails. Had defendant been able to show that the court-appointed public defender was, in fact, not providing adequate representation, it would have been the clear duty of the trial court to see that that deputy was relieved and some other counsel appointed. We have no doubt that it would have done so. But defendant showed only that he was aggrieved because the deputy had not conferred with him as much as he wished. The colloquy with the court made it clear that defendant desired to confer, not over the impending commitment trial, but over a possible appeal from his municipal court conviction. That desire, while understandable, was immaterial. In the first place, the deputy had been appointed solely for the then pending commitment case; he had neither responsibility nor jurisdiction in connection with the criminal conviction. Secondly, at the time in question, since the criminal case had not proceeded to either sentence or a motion for new trial, no right of appeal yet existed;[1] any discussion of that subject was premature. Nothing in the record suggests

[1] Consult *People* v. *Murphy* (1969) 70 Cal.2d 109 [74 Cal.Rptr. 65, 448 P.2d 945].

that the deputy would not have been prepared adequately to try the single issue—that of narcotic addiction—which was to be the subject of the jury trial for which he had been appointed.

## II

 Under the circumstances before the trial court, thus, the matter stood as one in which a defendant sought to exercise his constitutional right to self-representation. That right may, of course, be exercised without regard to the fact that the court has tendered him competent counsel. The issue in such a case is whether or not the election for self-representation is intelligently and competently made. We have read the extensive discussion between the court and defendant. Tested by the standards laid down in *People* v. *Ruiz* (1968) 263 Cal.App.2d 216 [69 Cal.Rptr. 473], *People* v. *Glaser* (1968) 265 Cal.App.2d 849 [71 Cal.Rptr. 706], *People* v. *Wade* (1968) 266 Cal.App.2d 918 [72 Cal.Rptr. 538], and other recent cases on that subject, we cannot say that the trial court erred here in allowing defendant to proceed in propria persona.

## III

Defendant, through his appointed counsel, asks us, also, to consider whether, assuming that his waiver of counsel was properly allowed, he could validly stipulate that the jury trial be presided over by a judge pro tempore, in the absence of a record showing that his right to insist on a trial presided over by a duly constituted judge had been explained to him and that his stipulation was knowingly and intelligently made.

Since the record before us shows only that defendant had executed a standard form stipulation for a judge pro tempore and that he had thereafter proceeded with the jury trial before the court commissioner therein named without making objection to the status of the presiding official, the issue is squarely before us.

We asked counsel to brief the point. Understandably, they have found nothing closely in point, nor has our own research been more fruitful. ██ ██ After consideration of such analogies as we can find, we conclude: (1) That a party appearing in propria persona in a proceeding under section 3050 may validly stipulate to a hearing before a judge pro tempore; (2) that, in order for him so to do, the nature of the stipulation should be explained to him and that the record should show such explanation; but (3) that where, as in the

case at bench, the person designated to act as a judge pro tempore had, in fact, all of the statutory qualifications for a judge of the superior court and the record of the trial discloses no error, the failure to give and to record such advice was not prejudicial and does not require a reversal.

We can see no reason why a defendant, properly allowed to act in propria persona, cannot stipulate to a hearing before a duly qualified judge pro tempore so long as that decision is knowingly and intelligently made. Such a decision is no different from other tactical or strategic decisions which the propria persona defendant necessarily must be allowed to make.

However, we think that it is a decision which should not be permitted without some assurance that it is being made knowingly and intelligently. ■ Although proceedings under section 3050 are civil in nature, still they are sufficiently analogous to criminal proceedings that at least some of the rights inherent in a criminal case are applicable to them. ''Whether any particular rule of criminal practice should be applied in a narcotic addict commitment proceeding depends upon consideration of the relationship of the policy underlying the rule to the proceeding.'' (*People* v. *Moore* (1968) 69 Cal.2d 674, 681 [72 Cal.Rptr. 800, 446 P.2d 800].) It cannot be gainsaid that one elemental right in a criminal case is that to be tried by a duly constituted court. It is, of course, well settled that the substitution of a single judge for the common law judge and jury requires not only the assent of a defendant but (unless he is represented by counsel) a full explanation to him of the choices open to him—and that such an explanation must be made, in open court and on the record. (Cf. *People* v. *Monk* (1961) 56 Cal.2d 288, 298 [44 Cal.Rptr. 633, 363 P.2d 865].) While we do not deal here with the constitutional right to a jury trial,[2] still we think the analogy is apt and that, while a propria persona defendant may waive a trial by a regularly appointed or elected judge, just as he may waive a trial by jury, still the same considerations apply to both waivers and both must be shown to have been intelligently made.

■ It should be remembered that while a judge of a superior court must have had at least 10 years of practice prior to his assuming office (Cal. Const., art. VI, § 15), a judge pro tempore, need only have been admitted to the bar

---

[2]The right to jury trial in a section 3050 case is purely statutory. (*In re Trummer* (1964) 60 Cal.2d 658, 665 [36 Cal.Rptr. 281, 388 P.2d 177].)

(Cal. Const., art. VI, § 21). In the case at bench, the judge pro tempore was a court commissioner; but no statute requires that a commissioner be even a member of the bar and the local rule in Los Angeles County (of which we take notice) requires only five years of practice. (Gov. Code § 70142; see *Barfield* v. *Superior Court* (1963) 216 Cal.App.2d 476, 477, fn. 1 [31 Cal.Rptr. 30].)[3] We think that, before a person submits his chances of incarceration for a possible seven-year period to a trial presided over by someone who need not have all of the qualifications of a regular judge, he is entitled to have explained to him the nature of his alternatives, and that such explanation should be made a matter of record in the trial court proceedings.

However, in the case at bench, not only was the judge pro tempore a court commissioner having all of the necessary statutory experience to qualify for a judgeship, but examination of the record of the jury trial over which he presided discloses no error. Defendant was in no way prejudiced by the procedure followed. The error in not making of record such explanation as may have preceded his execution of the stipulation did not result in the deprivation of any constitutional right nor did it deny him due process of law.

The order appealed from is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[3]We take judicial notice of the fact that Commissioner Boisvert has had more than the required 10 years of professional experience.