[Crim. No. 16733. Second Dist., Div. Four. June 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
EMMETT SNEED, Defendant and Appellant.

## COUNSEL

Morton L. Shatzkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**KINGSLEY, J.**—Defendant, together with Melvin Kirksey, was charged with one count of robbery; three prior felony convictions were also alleged against defendant; he pled not guilty and admitted the priors. After a trial by jury, he was found guilty of robbery in the second degree; a motion for a new trial was made and denied; probation was denied; he was sentenced to state prison; he has appealed from the judgment and from the denial of his new trial motion. We affirm the judgment and dismiss the appeal from the order denying a new trial.[1]

On this appeal it is not contended—and on the record it could not be contended—that the evidence did not support the verdict and judgment. The errors urged are procedural.

## I

Because of a possible conflict of interest between the two defendants, private counsel was appointed by the court (under § 987a of the Pen. Code) to represent defendant. Thereafter defendant asked that that attorney be relieved and that defendant be permitted to defend himself. The request was granted.[2] ■ After an unsuccessful motion under section 995 of the Penal Code and an unsuccessful motion to suppress evidence under section 1538.5 of that code, defendant sought an order appointing an investigator at public expense in order to secure three witnesses. After a hearing, at which defendant testified on the necessity for such an investigator, the request was, in effect, denied. However, the record shows that the public defender, who represented the codefendant,[3] was interested in securing the same witnesses and that it was agreed that the results of the public defender's investigator's work would be made available to defendant and that he might renew his request at a later date. Of the three witnesses that defendant desired, two attended the trial and testified.

Under these circumstances, we need not explore, in this case, the extent of the rights of an indigent defendant appearing in pro. per. to a publicly

---

[1]Except in cases not herein involved, no appeal lies from an order denying a new trial; the ruling is reviewable on the appeal from the judgment. (Pen. Code, § 1237, subd. 1.)

[2]We have read the proceedings leading to the grant of permission to proceed in pro. per.; we cannot say that the trial court abused its discretion in so acting. (See *People* v. *Armstrong* (1969) 274 Cal.App.2d 297, 305-306 [79 Cal.Rptr. 223]; *People* v. *Glaser* (1968) 265 Cal.App.2d 849, 853, fn. 2 [71 Cal.Rptr. 706].)

[3]It was mutually agreed that, whatever conflict of interest existed between the two defendants, they had a common interest in finding all possible witnesses to the robbery and to the events leading up to it.

compensated investigator. In reality, defendant did obtain the services of an investigator; there is nothing in the record to show that anything more would have been accomplished by having the investigator report directly to defendant.

## II

Defendant made it clear that he was not taking the stand in his own defense because he feared the effect of impeachment by proof of his prior convictions. On this appeal his counsel argues: (a) Since section 788 of the Evidence Code says that a witness "may" be impeached by proof of felony convictions,[4] the trial court had a discretion, under section 352 of that code,[5] to allow or to disallow such impeachment; and (b) the trial court was under a duty to advise defendant whether or not it would exercise that discretion in favor of disallowing the potential impeachment.

The contention that a trial court has, by virtue of the broad language in section 352, discretion to limit the statutory grant of impeachment under section 788 has heretofore been considered and rejected by another division of this court. (*People* v. *Romero* (1969) 272 Cal.App.2d 39, 45-46 [77 Cal.Rptr. 175].) The Supreme Court denied hearing in that case. Under these circumstances, we are not free to re-examine the issue. (*Cole* v. *Rush* (1955) 45 Cal.2d 345, 350-351 [289 P.2d 450, 54 A.L.R.2d 1137].)

The judgment is affirmed; the attempted appeal from the order denying a new trial is dismissed.

Jefferson, Acting P. J., and Dunn, J., concurred.

[4]Evidence Code section 788 reads in part as follows: "Prior felony conviction. For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony unless: . . ."

[5]Section 352 of the Evidence Code reads as follows: "Discretion of court to exclude evidence. The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."