[Crim. No. 12176. Second Dist., Div. Two. Sept. 6, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD EARL GARDINER et al., Defendants and Appellants.

Nancy McKissack for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard D. Huffman, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendants appeal from the judgments entered following a nonjury trial that resulted in their convictions of the crime of burglary. Appellants' guilt being unquestioned, the sole question presented for our consideration is: Was the information possessed by the police at the time of appellants' arrest such "as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the [appellants

were] guilty of a crime"? (*People* v. *Ingle*, 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) The record clearly dictates our affirmative answer to this question.

At approximately 8:30 p.m. on the night of February 16, 1965, several units of the Arcadia police received a radio dispatch instructing them to proceed to a certain location to investigate a burglary then in progress. They were advised that the resident at 246 Arbolada had reported that persons whose car was parked in the street near his home were attempting to break into the residence located at 244 Arbolada whose owners were on vacation.

Officer Schneider, who was on lone patrol in the area when he received the general dispatch, testified that when he arrived upon the scene he observed appellants and another person seated in a relatively old car. The vehicle was a 1958 Chevrolet whose color was "an off-color white or a primer coat white." The homes in the area were in the $50,000 to $100,000 range. Appellants were dressed in Levis. Officer Schneider quite wisely and quite properly approached the three men with drawn gun and ordered them to step from the car. As they did so, he observed a pair of brown, cotton gloves fall to the ground.

Officer Schneider thereupon ordered the three men to stand with their hands upon the roof until assistance arrived. Although a street light fell upon the rear of the car, the area was otherwise poorly illuminated and was very dark. During the minute or two that Officer Schneider kept the three men in this position until other units arrived, he could hear a fourth man walking through the leaves about the vacant home.

Such action on Officer Schneider's part was appropriate and commendable in every respect. As stated in *People* v. *Koelzer*, 222 Cal.App.2d 20, 27 [34 Cal.Rptr. 718] : "Our zeal to fend off encroachments upon the right of privacy must be tempered by remembrance that ours is a government of laws to preserve which we require law enforcement officers—live ones. Without becoming a police state, we may still protect the policeman's status."

When moments later other officers arrived upon the scene, some of them searched the area vainly seeking to apprehend the fourth man whom the neighbor had reported seeing, and Officer Schneider had heard, walking about the vacant house. Another officer, Louis MacDonald, joined Officer Schneider in investigating the men he had detained.

 Officer MacDonald testified that he looked into the appellants' car and from the outside could see a screwdriver, a flashlight and a pry bar, apparently a tire iron, openly lying on the floor in front of the front seat. While such articles are not criminal, per se, and their presence in some portion of a car is not particularly remarkable, their ready and unusual location under the instant circumstances was certainly not without significance. Officer MacDonald's "searching look" into the interior of the car, of course, did not constitute an unreasonable search. (*People* v. *Green,* 235 Cal.App.2d 506, 511 [45 Cal.Rptr. 371].)

When asked what they were doing in the area, appellants stated that they had been to the race track located in Arcadia. When asked concerning their activities since the race track had closed several hours earlier and what they were doing on such "an out-of-the-way street" in a residential area, they stated "that they were just sitting in a car doing nothing." In view of these unreasonable statements, the other manifestly incriminating circumstances, and the fact, known to all the officers, that the area was one in which numerous burglaries had been recently committed, appellants were placed under arrest and advised of their constitutional rights in accordance with the rules enunciated in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. A thorough search was conducted of their persons and the trunk of the car and numerous items taken from another residence a short while earlier were discovered, including a gun and ammunition therefor and a fur cape. As indicated, their guilt in the instant case is unquestioned and they object only to the manner in which they were apprehended and their guilt established.

 We hold that under the circumstances herein described, the police had probable cause to detain, question and thereafter arrest appellants. They would have been derelict in their duties if they had failed to do so. The neighbor who reported the attempted burglary to the police was neither a participant in crime nor a criminal informant. Repeatedly it has been held that the police may properly act upon the reports of victims and other observers of criminal activity. (*People* v. *Lewis,* 240 Cal.App.2d 546, 549-551 [49 Cal.Rptr. 579], and decisions cited therein.) The subsequent observation of the tools readily adaptable for effecting forcible entry into a building, the general appearance of appellants, the character of the area in which they were discovered, and their

wholly unsatisfactory explanation for their presence, not only abundantly satisfied every requirement of probable cause for arresting them (*People* v. *Schader*, 62 Cal.2d 716, 722 [44 Cal.Rptr. 193, 401 P.2d 665]), but literally compelled such action. The search made incident thereto was proper. (*Ker* v. *California*, 374 U.S. 23, 41-43 [10 L.Ed.2d 726-743, 83 S.Ct. 1623].)

The judgments are affirmed.

Roth, P. J., and Fleming, J., concurred.