[Crim. No. 15541. In Bank. July 7, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY LAWRENCE SIEGENTHALER, Defendant and Appellant.

## COUNSEL

Don Edgar Burris, under appointment by the Supreme Court, and John J. Schimmenti, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Glenn D. Taylor and Ellen B. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Henry Lawrence Siegenthaler appeals from a judgment upon a conviction of burglary. (Pen. Code, § 459.) We hold, contrary to defendant's contentions, that evidence seized at the time of his arrest infringed no constitutional right, that an extrajudicial statement was properly received in evidence, and that defendant was not denied a right of self-representation at trial.

The record, when viewed in the light most favorable to the judgment (*People* v. *Newland* (1940) 15 Cal.2d 678, 681 [104 P.2d 778]), discloses that at 2:45 a.m. officers in a marked police vehicle stopped at an intersection in Los Angeles. One of the officers observed three men on foot who, after looking in the direction of the vehicle, immediately ran off in the opposite direction. The officers were in a commercial area where there had been many burglaries of business establishments although they were not aware that any particular burglary had recently taken place. They nevertheless pursued the men and saw them discard objects which on examination proved to be a business-type checkbook and a checkwriter. The officers continued the pursuit and apprehended the three men, one of whom was defendant.

The abandoned checkbook bore the name of the Ideal Brush Company at a nearby address. An investigation at that address was conducted by other officers who reported that the premises appeared to have been recently burglarized.

Defendant and his companions were taken to a police station. A search of defendant during the booking process disclosed a cancelled check of the Ideal Brush Company in one of his pockets. When the booking officer asked one of the investigating officers if a vehicle had been involved in the crime, defendant volunteered, "You will never find my car." The officer

who made the inquiry stated, "We are not asking about your car, and besides you don't have any car keys." Defendant responded, "Yes, I do. I threw the keys when I threw the checkbook." It subsequently was established, after defendant's arrest, that the Ideal Brush Company had been burglarized earlier in the evening and that the checkbook, the checkwriter, and the cancelled check found in defendant's possession had been removed from the premises.

Defendant contends first that he was arrested without probable cause and that the checkbook, checkwriter, cancelled check and extrajudicial statement were all improperly received in evidence as the product of an illegal arrest. ■ He challenged the validity of the arrest on a motion to vacate and set aside the information (Pen. Code, § 995) and now claims that the denial of that motion was error. Because he has failed to include as part of the record on appeal the transcript of the preliminary hearing, defendant is now precluded from seeking appellate review of the denial of the motion. (*People* v. *Scott* (1944) 24 Cal.2d 774, 777 [151 P.2d 517]; *People* v. *Layman* (1968) 259 Cal.App.2d 404, 408 [66 Cal.Rptr. 267]; see also *People* v. *Clifton* (1969) 270 Cal.App.2d 860, 862 [76 Cal.Rptr. 193].) However, defendant also moved pursuant to Penal Code section 1538.5 to suppress the items of evidence, and the claimed error in the denial of that motion is properly before us. ■ In whatever manner it reaches us, the contention that the arrest was illegal has no merit.

Defendant was observed late at night in a commercial area where there had been a high incidence of burglaries. His only inducement to flee, insofar as appears, was the appearance of a marked police vehicle and police officers who took notice of defendant and his companions. In no way could defendant claim that the officers infringed any right which induced defendant's actions. (Cf. *Cunha* v. *Superior Court* (1970) 2 Cal.3d 352 [85 Cal. Rptr. 160, 466 P.2d 704].) Nevertheless he fled and in doing so discarded evidence which, together with the flight and other circumstances, would necessarily lead a prudent man to conscientiously entertain a strong suspicion that defendant and his companions had committed a burglary. (See *Beck* v. *Ohio* (1964) 379 U.S. 89, 91 [13 L.Ed.2d 142, 145, 85 S.Ct. 223]; *People* v. *Talley* (1967) 65 Cal.2d 830, 835 [56 Cal.Rptr. 492, 423 P.2d 564].) Although the officers were thus armed with probable cause for his arrest, defendant was only detained while the probable burglary was further investigated. ■ An officer's conduct in detaining even where it invades privacy is reasonable where he can point to "specific and articulable facts" which, taken together, reasonably warrant the intrusion. (*Terry* v. *Ohio* (1968) 392 U.S. 1, 21 [20 L.Ed.2d 889, 905-906, 88 S.Ct. 1868];

see also *People* v. *Mickelson* (1963) 59 Cal.2d 448, 450 [30 Cal.Rptr. 18, 380 P.2d 658].) Certainly, the flight and abandonment of incriminating materials (see *People* v. *Hines* (1968) 260 Cal.App.2d 13, 16 [66 Cal.Rptr. 875]) in the setting in which committed constitute sufficient "specific and articulable facts" to justify a detention. The arrest which followed the detention while the actual fact of the burglary was being tentatively established was thus clearly warranted. (See *People* v. *Gardiner* (1967) 254 Cal.App.2d 160, 161 [61 Cal.Rptr. 891].)

 It is not necessary in the instant case, of course, to seek to justify the seizure of the checkbook and checkwriter as the product of a valid arrest. Whatever the validity of the arrest, these materials were properly taken into possession by the officers when found by them abandoned on a sidewalk and in plain view. (See *People* v. *Hines, supra,* 260 Cal.App.2d 13, 16-17.) The cancelled check and the extrajudicial statement, if they may be deemed the product of the arrest (cf. *People* v. *Bilderbach* (1965) 62 Cal.2d 757, 764 [44 Cal.Rptr. 313, 401 P.2d 921]), were properly received in evidence in view of our holding that the arrest was valid in all respects.

 Defendant's contention that his extrajudicial statement was improperly received because it was not preceded by a warning in compliance with *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], is without merit. The statement was volunteered and gratuitously interjected during a conversation between police officers under circumstances which could not be construed as an attempt to elicit information from defendant. The *Miranda* warning is required only as to statements of a suspect in response to custodial interrogation. (384 U.S. at pp. 444, 478 [16 L.Ed.2d at pp. 706-707, 725-726]; *People* v. *Stewart* (1965) 62 Cal.2d 571, 579 [43 Cal.Rptr. 201, 400 P.2d 97].) The statement thus could not be excluded for *Miranda* reasons.

 Defendant finally contends that he was improperly denied his right of self-representation at trial. At the time of his arraignment defendant was granted the right to proceed in propria persona with the admonition that the court would evaluate his performance and revoke his pro se status if it did not appear that defendant was acting in his own best interests. When the case was called for trial a different judge questioned defendant's competency on the ground of the manner in which he had completed his written request for self-representation. After making further inquiry the court revoked defendant's pro se status. The trial judge, in concluding that defendant did not have an intelligent conception of the consequences of appearing without an attorney, relied upon defendant's failure to move

pursuant to Penal Code section 1538.5 after having been put on notice of that procedural requirement, and on defendant's unfounded charges that the prosecutor and public defender who represented codefendants conspired against defendant. Both the prosecutor and the public defender were of the view that defendant was not competent to conduct his own defense.[1]

Defendant contends that his competency should not have been judged on grounds of an alleged unfounded conspiracy because such conspiracy might well have existed. The record is otherwise. It shows only that the codefendants claimed on a motion for a new trial that they were unable to testify in their own best interest because of defendant's threats against them. Although the prosecutor and the public defender apparently engaged in some conversations, there is no basis upon which the charge of a conspiracy directed against defendant is warranted. Defendant also contends that the court improperly based its denial of pro se status on a conclusion that defendant intended to use the device only for the purpose of establishing grounds for an appeal. (See *People* v. *Addison* (1967) 256 Cal.App.2d 18 [63 Cal.Rptr. 626].) Although the court suggested on a renewed motion to appear in propria persona that this may have been defendant's purpose, it based its ultimate denial on the views set forth in the margin. (Fn. 1, *supra.*)

■ A defendant in a criminal proceeding may waive counsel and represent himself only if the trial court properly determines that he has an intelligent conception of the consequences of his act. (*People* v. *Floyd* (1970) 1 Cal.3d 694, 703 [83 Cal.Rptr. 608, 464 P.2d 64].) ■ The court in the instant case, after making a full and careful inquiry, concluded that defendant did not meet that standard. Its conclusions were based on sufficiently adequate grounds which could properly have taken into consideration defendant's demeanor in court. (See *People* v. *Glaser* (1968) 265 Cal.App.2d 849, 853, fn. 2 [71 Cal.Rptr. 706].) ■ The determination of a lack of an informed waiver on the ground that a defendant did not possess an intelligent conception of the consequences of appearing without an attorney, will not be overturned on review unless the record establishes that the trial court applied an improper standard or that there is no basis in fact for the exercise of discretion. (See *People* v. *Floyd, supra,* 1 Cal.3d

[1]The court advised defendant: "The issue is not necessarily your knowledge of all of the factors of the law which you can't be expected to have, but the question is whether you have an intelligent conception of the consequences of appearing without an attorney. I make this statement very clearly that from your appearance before me, from the documents before the Court in your application to proceed in pro. per., from the manner in which you have answered questions. I simply find very clearly that you do not have an intelligent conception of the consequences of appearing without an attorney."

694, 702-703.) ▇▇ Defendant fails to establish either of these predicates.

Defendant urges that should we conclude that the trial court improperly denied the right to defend pro se, we should hold that the error is conclusively prejudicial and requires that the judgment be reversed as in the case of the denial of the constitutional right of representation at trial. (See *People* v. *Crovedi* (1966) 65 Cal.2d 199 [53 Cal.Rptr. 284, 417 P.2d 868].) Having concluded that the court did not err in ultimately denying the motion to appear in propria persona, we need not reach the harmless error issue. However, we have this day, in *People* v. *Sharp, ante,* page 448 [103 Cal.Rptr. 233, 499 P.2d 489] held that the right of self-representation is not constitutionally compelled, and that the error, if any, in withholding such right does not require a reversal except where a miscarriage of justice results. (Cal. Const., art. VI, § 13; *People* v. *Watson* (1956) 46 Cal.2d 818, 834-835 [299 P.2d 243].)

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.