[Crim. No. 22123. Second Dist., Div. Five. June 11, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES TROY COLEMAN, Defendant and Appellant.

## Counsel

Neal Barry Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and James D. Madison, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

KEENE, J.*—Defendant and one Dale Allen Mitchell were indicted on March 8, 1972, and jointly charged in count I with possession of a deadly weapon as prisoners confined in a state prison in violation of section 4502 of the Penal Code and in count II defendant alone was charged with an assault with a deadly weapon, being a person confined in a state prison, in violation of section 4501 of the Penal Code.

Twice, on April 6 and April 7, 1972, defendant moved to dismiss

---

*Assigned by the Chairman of the Judicial Council.

the indictment pursuant to section 995 of the Penal Code, alleging a failure to bring him to a speedy trial—the motion was denied on both occasions. Defendant filed a petition for a writ of prohibition seeking appellate review of the denial of his motion to dismiss—this petition was denied. (Coleman v. Superior Court, 2d Division, Civ. 40128.) He again raises this issue on appeal; however, he is precluded from doing so because he has failed to include as part of the record the transcript of the proceedings on the motion. (*People* v. *Siegenthaler,* 7 Cal.3d 465, 469 [103 Cal.Rptr. 243, 499 P.2d 499] and *People* v. *Williams,* 10 Cal.App.3d 745, 748 [89 Cal. Rptr. 364].)

Trial was by jury. Codefendant Mitchell was found not guilty. Defendant was found guilty as charged and sentenced on each count to imprisonment in the state prison for the term prescribed by law, the sentences to run concurrently with each other and with any prior incompleted sentences. The court further found defendant to have been armed at the time of the commission of the offenses within the meaning of section 3024 of the Penal Code.

He now appeals from the judgment of conviction and predicates his appeal, in addition to the alleged delay in bringing him to a speedy trial, on three contentions of error:

1. Defendant's conviction and sentence on both 4501 and 4502 of the Penal Code constituted double punishment in violation of Penal Code section 654.

2. Appellant was denied due process of law and was prejudiced by being tried in jail attire and being shackled.

3. The trial court's failure to exercise its discretion in excluding evidence of the defendant's prior felonies was an abuse of discretion.

We find these allegations of error, individually and collectively, to be void of merit, the evidence of the defendant's guilt overwhelming, and accordingly affirm the judgment of conviction, modifying it first, as we must, by striking from each count the recital that the defendant was armed with a deadly weapon within the meaning of Penal Code section 3024.

FACTS

Simply stated the facts are as follows: the defendant and his codefendant, Dale Allen Mitchell, were imprisoned at the California Men's Colony in San Luis Obispo during the time leading up to the conviction now appealed from. A correction officer received an anonymous phone call informing

him that a knife fight had occurred the previous night between two inmates of B-Quad, and that one of them, named Chuck, lived on the first floor of Building B. Upon investigating the call, two officers intercepted two inmates on the tennis court. They recognized them as Mitchell and the defendant. The officers attempted to search Mitchell, but a scuffle ensued during which defendant drew a half of a pair of scissors, about nine inches long, with a sharpened point, and stabbed at one of the officers several times. Aid was summoned and the inmates were restrained.

## MULTIPLE PUNISHMENT

Defendant contends that conviction on counts I and II constitute multiple punishment in violation of Penal Code section 654; we disagree. That section has been interpreted to prohibit conviction under more than one statute where defendant's course of conduct comprised an indivisible transaction. (*People* v. *Beamon,* 8 Cal.3d 625, 637 [105 Cal.Rptr. 681, 504 P.2d 905]; *People* v. *Brown,* 49 Cal.2d 577, 591 [320 P.2d 5].) Whether a course of conduct is divisible depends upon the "intent and objective" of the actor. (*Neal* v. *State of California,* 55 Cal.2d 11, 19 [9 Cal. Rptr. 607, 357 P.2d 839].) If all the offenses were incident to one objective, defendant may be punished under only one statute; on the other hand a defendant may be punished for separate crimes, if he is deemed to have entertained multiple criminal objectives which were independent of and not merely incident to each other. (*People* v. *Beamon, supra.*) The fact that both violations share common acts or were simultaneously committed is not determinative. (*Id., In re Hayes,* 70 Cal.2d 604, 608-609 [75 Cal. Rptr. 790, 451 P.2d 430].)

In viewing the record to ascertain defendant's objectives it appears that initially the weapon was possessed with the intent to use it in assaulting or defending against some other prisoner; there is evidence which clearly suggests that the defendant possessed the weapon prior to the assault in question. Only after the officers attempted to restrain the defendant and Mitchell did the defendant draw the weapon. Thus, defendant's possession of the weapon was not merely incidental to his assault on the officer and was separate and distinctly antecedent. (*People* v. *Venegas,* 10 Cal.App.3d 814, 821 [89 Cal.Rptr. 103].) As the evidence here clearly shows a possession of the weapon for a purpose other than an assault upon the guard, this case comes within the exception to the "modern rule" set forth in *People* v. *Jurado,* 25 Cal.App.3d 1027, 1033 [102 Cal.Rptr. 498] prohibiting punishment both for the possession of a weapon and for another offense in which the weapon is used.

In the concurring opinion in *People* v. *Venegas, supra,* this court, speaking through our presiding justice, commented that the "intent and objective" test requires us to speculate as to the defendant's initial objective when arming himself with the weapon—a fact not in issue at trial. (*People* v. *Venegas, supra,* p. 827.) Consequently, if Coleman was "thinking big" he might have anticipated using the weapon on the prison guard. This problem can be avoided by employing, as we do, the "criminal acts" test announced in *In re Hayes, supra,* page 609. The two criminal acts that can be isolated here are (1) possession of a deadly weapon, and (2) assaulting the officer with a deadly weapon. The defendant violated the law first when as a prisoner he possessed the weapon and again when as a prisoner he used it to assault the correction officer; he can, and should, be punished for both violations. Both statutes carry the same sentence, i.e., imprisonment in the state prison for a term "not less than three years." To hold other than we do would be to invite inmates in our state prisons possessing deadly weapons to commit assaults with those weapons on correctional officers; we will not participate in any such invitation for not only does it fly in the face of common sense but would defeat the very objective that the Legislature had in mind when it enacted section 4502 of the Penal Code.

### DEFENDANT'S COURTROOM ATTIRE

Before trial, defendant moved to have his manacles and shackles removed and to be permitted to wear civilian clothing. The court granted defendant's motion only as to the manacles. Defendant now contends that the trial judge abused his discretion in denying the motion to remove his shackles and to permit him to wear civilian attire during the trial; we do not agree. Absent a clear showing that there was no basis whatever for the ruling of the trial judge, his judgment will not be second-guessed on appeal; that absence is manifest. (*People* v. *Pena,* 25 Cal.App.3d 414, 425-426 [101 Cal.Rptr. 804]; *People* v. *Morris,* 20 Cal.App.3d 659, 666 [97 Cal. Rptr. 817].) In each case the trial judge is in the best position to take into consideration the defendant's conduct and the security facilities of the particular court. Moreover, there is nothing to indicate that the defendant was prejudiced, for the jury knew, from the nature of the crimes charged and the testimony, that the defendant and his codefendant were prison inmates confined for prior offenses, and nevertheless, acquitted codefendant Mitchell.

### DEFENDANT'S PRIOR FELONY CONVICTIONS

Defendant's final contention is that the trial court abused its discretion in failing to exclude evidence of two prior grand theft convictions,

which he admitted on cross-examination under the theory, and for the purpose, of impeachment. There was no abuse of discretion. Not only are we guided by the criteria set forth in *People* v. *Beagle,* 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1], but also by the plain and simple facts in this case that the jury knew of the defendant's confinement in a state prison and that he had suffered at least one prior felony conviction to get there.

■ The determination as to whether a prior felony conviction may be used to impeach a defendant "in each instance must depend upon the sound exercise of judicial discretion." (*People* v. *Beagle, supra,* 6 Cal.3d 441.) The trial judge must weigh the credibility probative value on one side of the scale against the risk of undue prejudice on the other. There are some guidelines that the trial judge may use in making his determination: (1) does the prior felony rest on dishonest conduct and, therefore, reflect adversely on a man's honesty? (2) the nearness or remoteness of the prior conviction "followed by a legally blameless life," (3) is the prior for the same or substantially similar conduct as that for which the defendant is on trial? and, (4) the possible deterrent effect on the defendant's testifying. (*People* v. *Beagle, supra,* p. 453.) When we evaluate the limited impeachment allowed in this case in light of the *Beagle* guidelines, we find it to have been the sound exercise of judicial discretion, which should not, and will not, be disturbed on appeal.

### MODIFICATION OF JUDGMENT

■ Finally we direct our attention to the troublesome topic of "armed/use" deadly weapons allegations, findings and judgment recitals, which apparently is an area of misunderstanding to both the bench and the bar judging from what transpired at the time of judgment and from the fact that the issue was completely overlooked in all briefs filed. Initially we direct attention to the Los Angeles Superior Court Criminal Trial Judges' Benchbook, pages 567 to 577f and specifically to the new flow charts contained therein for a ready reference in dealing with the problem.

In this case the indictment did not separately allege that the defendant was armed with a deadly weapon during the commission of the offenses charged; the jury was never presented the question for determination. However, the trial judge found the defendant to have been armed with a deadly weapon within the meaning of sections 969c and 3024 Penal Code. This was improper; "[b]efore a defendant can properly be sentenced to suffer the increased penalties flowing from either such finding (e.g., Pen. Code, §§ 3024, 12022) the fact of the prior conviction or that the de-

fendant was thus armed *must* be charged in the accusatory pleading, and if the defendant pleads not guilty thereto the charge *must* be proved and the truth of the allegation determined by the jury, or by the court if a jury is waived." (Italics added.) (*People* v. *Ford,* 60 Cal.2d 772, 794 [36 Cal. Rptr. 620, 388 P.2d 892]; *People* v. *Spencer,* 22 Cal.App.3d 786, 801 [99 Cal.Rptr. 681].)

Further, where the fact that defendant was armed forms the basis for his conviction of the principal offense, which is precisely the situation here, Penal Code section 3024 is inapplicable. (*People* v. *Floyd,* 71 Cal.2d 879, 883-884 [80 Cal.Rptr. 22, 457 P.2d 862]; *In re Shull,* 23 Cal.2d 745, 750 [146 P.2d 417].) Therefore, we modify the judgment by striking from each count the recital that defendant was armed with a deadly weapon within the meaning of Penal Code section 3024, and substitute therefor:

That the said Charles Troy Coleman was personally armed with a deadly weapon at the time of the commission of the offense within the meaning of Penal Code section 1203, and that the weapon was an instrument commonly known as a dirk or dagger, but that at the time of the commission of the offense, sections 3024, 12022, and 12022.5 of the Penal Code were inapplicable.

The judgment as modified is affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied July 9, 1973, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied August 8, 1973.