[Crim. No. 15873. First Dist., Div. Four. Jan. 20, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
ZANE RONALD GARD, Defendant and Appellant.

### COUNSEL

Kulla & Owen and Norman Kulla for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**CALDECOTT, P. J.**—Appellant Zane Ronald Gard was convicted, following a jury trial, of a violation of Penal Code section 182 (conspiracy), of a violation of Health and Safety Code section 11378 (possession for sale of amphetamines and barbiturates), and a violation of Health and Safety Code section 11379 (transporting and offering to sell amphetamines and barbiturates). The appeal is from the judgment.

At trial, appellant, a physician, took the stand in his own defense. He admitted that he had possessed and transported for sale a controlled substance, but claimed that he had intended to sell the drugs to authorized buyers pursuant to applicable federal statutes and regulations because he was closing one of his offices. The jury was instructed as to the elements of possession and transportation for sale; however, an instruction regarding appellant's defense was neither requested nor given. Appellant herein argues, in effect, (1) that the federal law has preempted the field, and (2) that the trial court prejudicially erred by failing to instruct *sua sponte* with respect to his defense.

## I

■ Specifically, appellant contends that the federal government has preempted the field of sales of controlled substances by a *physician to another physician,* and that the state statutes are unconstitutional insofar as they apply to such transactions. Article VI of the United States Constitution provides in pertinent part: "This Constitution and the laws of the United States which shall be made in pursuance thereof; . . . shall be the supreme law of the land; and the Judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

Appellant relies upon the general rule that when Congress has acted under its granted powers its legislation controls where state action conflicts, or when Congress so ordains (see *People* v. *Duncan* (1974) 40 Cal.App.3d 940, 958 [115 Cal.Rptr. 699], and cases cited therein), and that there is a conflict between the provisions of the federal Controlled Substances Act (21 U.S.C. § 801 et seq.)[1] and California Health and Safety Code sections 11378 and 11379. Health and Safety Code sections 11378 and 11379 do not exempt physicians selling controlled substances to other physicians or medical buyers under any circumstances.[2] In contrast, the federal Controlled Substance Act extends limited authorization to physicians to distribute controlled substances to other physicians.

The fallacy of appellant's argument is that the uncontradicted facts show, and appellant admits, that he was the only physician involved in the transaction. This was not a physician to physician sale such as contemplated by the federal Controlled Substance Act. If the federal law has preempted the field the state law would be invalid. But federal law preempts only if under the circumstances of the particular case the state

[1]21 United States Code section 903, provides as follows: "No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together."

[2]Health and Safety Code section 11378 reads in pertinent part as follows: "Except as otherwise provided in Article 8 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who possesses for sale any controlled substance . . . shall be punished by imprisonment in the state prison."

Health and Safety Code section 11379 reads in pertinent part as follows: "(a) Except as otherwise provided in Article 8 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who transports . . . furnishes, . . . or offers to . . . sell . . . any controlled substance . . . shall be punished by imprisonment in the state prison . . . ."

law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. (*Jones* v. *Rath Packing Co.* (1977) 430 U.S. 519 [51 L.Ed.2d 604, 97 S.Ct. 1305].) As stated in *United States* v. *Moore* (1975) 423 U.S. 122 [46 L.Ed.2d 333, 96 S.Ct. 335]: "Congress was particularly concerned with the diversion of drugs from legitimate channels to illegitimate channels . . . . It was aware that registrants, who have the greatest . . . opportunity for diversion, were responsible for a large part of the illegal drug traffic." (*Id.,* at p. 135 [46 L.Ed.2d at p. 344].) The purpose and objective of Congress in adopting the act was to control the illicit trafficking in drugs and the state statutes here involved in no way hinder or interfere with the accomplishment of that purpose. Nowhere does it appear that Congress intended the federal government to occupy the whole field to the exclusion of the states. In fact, in *Robinson* v. *California* (1962) 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417], as quoted in *In re De La O.* (1963) 59 Cal.2d 128, 135 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705], the court stated: "Yet in that decision (at p. 1419 of 82 S.Ct.) the high court recognized 'The broad power of a State to regulate the narcotic drugs traffic *within its borders*' (italics added), and observed that 'Such regulation, it can be assumed, could take a variety of valid forms. A State might impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders. . . .' " Under the circumstances of this case, the federal law has not preempted the field.

## II

Appellant's second claim is that the trial court failed to instruct the jury *sua sponte* on his defense.

" 'It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case.' " (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], and *People* v. *Stewart* (1976) 16 Cal.3d 133, 140 [127 Cal.Rptr. 117, 544 P.2d 1317]; quoting *People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) The duty to instruct *sua sponte* on general principles closely and openly connected with the facts before the court encompasses an obligation to instruct on defenses and on the relationship of these defenses to the elements of the

charged offense where it appears that defendant is relying upon such a defense.

As stated above, the court must instruct on the law relevant to the issues raised by the evidence. In the present case, if Gard were charged under the federal statute, then the fact that he thought he was selling to a physician might be material. But as he was not dealing with a physician the federal statute does not govern the case. He was charged under the state law. The state law does not exempt sales to a physician so even if the jury were to believe his story it would not be a defense. Thus, the trial judge properly did not instruct on this theory as it is not a defense to charged offenses.

### III

■ Relying upon *People* v. *Wagner* (1975) 13 Cal.3d 612 [119 Cal.Rptr. 457, 532 P.2d 105], appellant contends that the prosecutor committed prejudicial misconduct during cross-examination and during closing argument by referring to the fact that four of appellant's employees had been accused of dispensing drugs without a license.

An allegation of prosecutorial misconduct implies a dishonest act or attempt to persuade the court or jury, by use of deceptive or reprehensible methods. (*People* v. *Beivelman* (1968) 70 Cal.2d 60, 75 [73 Cal.Rptr. 521, 447 P.2d 913]; see *People* v. *Chojnacky* (1973) 8 Cal.3d 759, 766 [106 Cal.Rptr. 106, 505 P.2d 530].) "Whether the prosecution has committed misconduct depends upon the particular circumstances of each case and bad faith must be shown to establish the existence of misconduct. . . ." (*People* v. *Romo* (1975) 47 Cal.App.3d 976, 987 [121 Cal.Rptr. 684]; see *People* v. *Gomez* (1976) 63 Cal.App.3d 328, 338 [133 Cal.Rptr. 731].)

The situation in the present case is distinguishable from that of *Wagner.* Here, the questions and argument regarding appellant's knowledge that his employees had been accused of dispensing drugs without a license did not imply that appellant had himself committed any prior acts of misconduct. The evidence here was adduced not to impeach appellant's credibility or character through specific acts of misconduct, but to show that appellant was aware of the licensing requirements for drug distribution.

Furthermore, assuming that misconduct occurred during this line of inquiry, it did not constitute prejudicial error necessitating reversal of the

judgment. In view of the overwhelming evidence against appellant, it is not reasonably probable that a result more favorable to appellant would have occurred had the prosecutor refrained from asking these questions. (See *People* v. *Wagner, supra,* 13 Cal.3d at p. 620.)

Appellant also contends that the prosecutor's cross-examination as to whether appellant had threatened to have Larry Hutton "knocked off" was prejudicial misconduct. However, no objection to any of these questions appears in the record.[3] Since no objection was made, appellant is precluded from raising this point on appeal. (*People* v. *Joiner* (1976) 54 Cal.App.3d 910, 916 [127 Cal.Rptr. 166]; *People* v. *Meneley* (1972) 29 Cal.App.3d 41, 58-59 [105 Cal.Rptr. 432].)

## IV

Appellant next contends that the evidence was insufficient to support his conviction. Based on his first contention, appellant argues that the jury did not determine whether he was authorized under federal statute to consummate the intended drug sale. This argument is without merit. Even if federally registered, a physician may not under either federal or state law possess and transport controlled substances for the purpose of selling them to unauthorized buyers. (21 U.S.C. § 841(a)(1).) That appellant lacked the requisite intent because he believed he was engaging in a legal transaction was clearly rejected by the jury which was instructed on the necessary intent and on mistake of fact.

## V

■ Prior to trial, appellant made a motion pursuant to Penal Code section 995, to quash the grand jury indictment on the ground that the grand jury had been selected through discriminatory practices. Specifically, appellant alleged that women had been substantially underrepresented in the Contra Costa County Grand Jury for the six years prior to and including the time of his indictment.[4] He now contends that the denial of that motion was error. However, appellant has failed to include as part of the record on appeal the transcript of the preliminary hearing

---

[3] After several questions involving these threats, appellant asked to approach the bench. The discussion is unreported.

[4] The record does not reveal on what ground this motion was made but appellant has attached to his brief a copy of the petition for writ of prohibition he unsuccessfully sought from this court. He asks this court to incorporate it by reference pursuant to rule 11(b) of the California Rules of Court.

on his motion to quash. He is therefore precluded from seeking appellate review of the denial. (*People* v. *Siegenthaler* (1972) 7 Cal.3d 465, 469 [103 Cal.Rptr. 243, 499 P.2d 499].)

## VI

■ Appellant moved in the trial court for a postindictment preliminary hearing. The motion was denied. Appellant now contends that the denial was erroneous, apparently relying upon language to that effect in the concurring opinion in *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 255 [124 Cal.Rptr. 32, 539 P.2d 792].

However, the holding of the majority in *Johnson* did not alter the established rule that a preliminary hearing is not required where the defendant has been indicted. (*People* v. *Superior Court (Persons)* (1976) 56 Cal.App.3d 191, 193-194 [128 Cal.Rptr. 314].) ■ As a concurring opinion does not constitute authority under the doctrine of stare decisis (*id.,* at p. 194), the trial court properly denied appellant's motion for preliminary hearing.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied February 10, 1978, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1978.