SAETA, J., Concurring and Dissenting.
I agree with the majority on the first four points in the opinion of the court. I disagree with the fifth point regarding the scope of the judge’s duty of determining that the waiver of counsel by the defendant is knowingly, intelligently and understandingly made.
Footnote 2 of the majority opinion sets forth in full the colloquy between the defendant and the court and prosecutor. This recorded colloquy was sufficient to show that defendant was adequately advised of his constitutional rights and that he expressly and explicitly waived his rights. It is my opinion, however, that the record does not demonstrate that the judge determined that these waivers were knowingly, intelligently and understandingly made. It is true that the docket recites a finding by the court that the waivers were knowingly, intelligently and understandingly made. However, there is nothing in the reporter’s transcript to indicate any such finding by the judge. The docket entry was the creation of the clerk, not the judge. Where a conflict exists between the transcript and the docket, the controlling document is determined from a consideration of the circumstances under which the proceedings were had. (People v. Shaffer (1960) 182 Cal.App.2d 39, 45 [5 Cal.Rptr. 844]; People v. Ritchie (1971) 17 Cal.App.3d 1098, 1103 [95 Cal.Rptr. 462].) In my opinion, the verbatim transcript of the plea proceedings is the more accurate of the two records. Dockets are made by the clerk at some point in time after the proceedings have concluded as a memorial of proceedings had; the transcript is a contemporaneously created record of the proceedings as they occur. Further, in this case, the reporter’s transcript was expressly made for the occasion. In contrast, the docket, including the crucial findings, is a printed form used in a court for recordation of thousands of pleas. Therefore, I would hold that in this case the judge made no findings concerning defendant’s waivers.
*Supp. 20 The majority is unpersuaded that “this finding or determination must be orally articulated.” {Ante, p. Supp. 18.) I agree that no “magic words” are necessary. I disagree that the judge can remain silent and have this silence construed by his clerk or this court as a finding or determination. In my view, a judge making a determination or finding must act, not remain passive, especially in the area of protection of constitutional rights.
California constitutional law on the duty of the judge on taking a waiver of counsel is grounded upon the United States Supreme Court’s opinion in Johnson v. Zerbst (1938) 304 U.S. 458 [82 L.Ed. 1461, 58 S.Ct. 1019, 146 A.L.R. 357]. In that case the court said: “The constitutional right of an accused to be represented by Counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without Counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.” (304 U.S. at p. 465 [82 L.Ed. at p. 1467], italics added.) I have emphasized the language of the court relating to the trial judge’s duty. It is phrased in the words of “determining,” “clearly determined” and “determination.” It is my understanding of this passage that the trial judge must have an active, as opposed to a passive, role in passing judgment on the acceptability of the defendant’s waiver. My opinion is buttressed by the disposition of the case. The United States Supreme Court ordered the trial court to make findings on whether the defendant competently and intelligently waived his right to counsel.
The above-quoted language of Johnson v. Zerbst was quoted by the California Supreme Court in People v. Chesser (1947) 29 Cal. 2d 815 at pages 821-822 [178 P.2d 761, 170 A.L.R. 246]. The Chesser court italicized the last sentence of the above-quoted passage from Johnson v. Zerbst. The California court continued with the following words: “In order for a trial judge to determine whether there has been a competent and intelligent waiver of counsel, he must first ascertain whether the defendant clearly understands the nature and effect of his waiver.” (29 Cal.2d at p. 822, italics added.) Several years later the California Supreme Court in In re James (1952) 38 Cal.2d 302 [240 P.2d 596], after repeating the “determining” language from People v. Chesser, supra, 29 *Supp. 21 Cal.2d 815, adds, “There was no attempt to make such a determination in this case. The record shows that defendant was an itinerant farmhand, without formal education, without money, and evidently without previous experience with courts.” (38 Cal.2d at p. 313.) I read James as requiring an act by the judge in its selection of the words “attempt to make such a determination.”
Johnson v. Zerbst, People v. Chesser, and In re James involved felonies. In re Johnson (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420] drew on those cases to require determinations by the judge concerning counsel waivers in misdemeanor cases as follows: “Moreover, it is settled that ‘The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.’ (Italics added.) (Johnson v. Zerbst (1938) supra, 304 U.S. 458, 464; accord, People v. Chesser (1947) supra, 29 Cal.2d 815, 822 [4].) Manifestly that determination must be made before any plea—guilty or otherwise—is accepted by the trial court, or the right to counsel loses most of its meaning and effectiveness. The making of this determination in a timely fashion is therefore the ‘serious and weighty responsibility’ of the trial judge. (Johnson v. Zerbst (1938) supra, 304 U.S. 458, 465.) As we said in Chesser (at pp. 821 [l]-822 [5] of 29 Cal.2d), ‘The fact that defendant pleaded guilty is not conclusive... In order for a trial judge to determine whether there has been a competent and intelligent waiver of counsel, he must first ascertain whether the defendant clearly understands the nature and effect of his waiver.’ More particularly, ‘the court cannot accept a waiver of counsel from anyone accused of a serious public offense without first determining that he “understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted.’ (In re James (1952) 38 Cal.2d 302, 313. . ..)” (62 Cal.2d at p. 335, italics added, footnote omitted.) In re Johnson commended the procedure used in In re Sheridan (1964) 230 Cal.App.2d 365, 369 [40 Cal.Rptr. 894]: “. . . [the defendants] were informed by the court that even if they expressly waived counsel ‘the Court will then consider the nature of the charge, the facts and circumstances of the case, and your apparent education, experience, mental competency and conduct to determine whether this is a proper waiver of your right to counsel. If, after consideration of these matters, the Court finds that you are capable of defending yourself, it will permit you to proceed without counsel.’” (62 Cal.2d at p. 337, italics added.) Thus In re Johnson, building on the *Supp. 22 earlier cases, adds the concept of findings in the context of court determinations. More recently in People v. Siegenthaler (1972) 7 Cal.3d 465 [103 Cal.Rptr. 243, 499 P.2d 499], our Supreme Court in analyzing the trial court’s denial of self-representation to a defendant quoted the trial judge’s finding (“‘I simply find very clearly that you do not have an intelligent conception of the consequences of appearing without an attorney.’”) as the basis for that judge “concluding” that the waiver of counsel was ineffective. (7 Cal.3d, fn. 1 at p. 471.)
I have emphasized what I feel to be the operative words of the above-quoted decisions. Use of “determine,” “ascertain” and “find” all connote a responsibility of the trial judge to decide whether or not the defendant is competent to waive counsel. This decision or determination must be express and articulated, not implied and silent. Johnson v. Zerbst, supra, 304 U.S. 458, sets the standard: “It has been pointed out that ‘courts indulge every reasonable presumption against waiver’ of fundamental constitutional rights and that we ‘do not presume acquiescence in the loss of fundamental rights.’” (304 U.S. at p. 464 [82 L.Ed. at p. 1466] (fn. citations omitted).) The California Supreme Court adopted the above view, stating, in In re Smiley (1967) 66 Cal.2d 606 at p. 624 [58 Cal.Rptr. 579, 427 P.2d 179]: “There is no reason why at this late date we should tolerate silent records on the question of waiver of counsel, or permit the People to undertake belated speculations as to the defendant’s knowledge in an effort to justify a finding of ‘implied’ waiver in such cases.” While the Smiley court was speaking of the advice of rights and the express waiver of those rights, to me the issue is the same as to the judge’s duty in making the determination of the competency of the defendant in waiving his rights. (See also, People v. Cummings (1967) 255 Cal.App.2d 341, 345-346 [62 Cal.Rptr. 859].)
In believing that the trial judge should express out loud his decision concerning competency to waive counsel I do not believe that I am favoring form over substance or imposing an unreasonable burden on trial judges. By expressing himself the judge is showing that he has considered his duty of determining whether or not the defendant knowingly, intelligently and understanding^ is waiving his right to counsel. If the judge remains silent, no one in the courtroom or the reviewing court can tell whether the judge focused on his duty or ignored it. In the almost 15 years since In re Johnson was published, hundreds of judges have articulated thousands of findings on this issue. The printed docket sheet in this case shows that it is expected that the judge “found that such waivers were Knowingly, Intelligently and Understandingly made.”
*Supp. 23 What reason could there be for printing dockets with such language if the judges routinely failed to make such findings? Further, two widely distributed trial judge benchbooks have indicated for years that findings are required. See California Misdemeanor Procedure Benchbook (revised) section 3.38 (“. . . the defendant is entitled to waive counsel and represent himself. . .provided the court finds that he has an intelligent conception of the consequences of his act. . ..” Los Angeles Superior Court Benchbook, Oral Form, page 92.2 (12/75) (“The Court specifically finds that the defendant has made... a voluntary and intelligent and understanding waiver of his right to be represented by counsel...”).
In sum, the cases require that the trial judge determine, ascertain and find that the defendant is competent to waive counsel. The right to counsel is one of the most fundamental rights a criminal defendant possesses. We are taught that such fundamental rights are not lost easily. A silent “determination” may be no determination at all. An articulated determination would show that the judge actually decided the issue and came to a conclusion. To me, the plain meaning of the word “determination” in a legal context is a decision or a conclusion. As the record presented to us in this case does not demonstrate that the trial judge in 1975 made any conclusion or decision concerning defendant’s purported waiver of counsel, I would hold that the trial court here erred in denying the defendant’s motion to declare his prior conviction of June 23, 1975, unconstitutional.