Filed 1/22/15  P. v. Wilson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BUDDY WILSON,<br><br>    Defendant and Appellant. | F067960<br><br>(Super. Ct. No. CF96564911)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Robert Cervantes for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Poochigian, Acting P.J., Detjen, J. and Peña, J.

# INTRODUCTION

In 1997, defendant Buddy Wilson was placed on formal probation following a conviction for a violation of Penal Code[1] section 288a, subdivision (k).[2] Some 16 years later, he filed a motion for relief pursuant to section 1203.4. The petition was denied.

On appeal, Wilson contends he has met all of the statutory conditions entitling him to relief because he fulfilled the conditions of probation for the entire probationary period. Further, he argues the trial court failed to properly consider his postprobationary conduct. In response, the People argue Wilson has failed to make a record suitable for appellate review, and thus contend the trial court's ruling should be affirmed. We agree with the People and will affirm.

# RELEVANT BACKGROUND

Following a jury trial and resulting conviction for a violation of section 288a, subdivision (k), Wilson was granted probation. The probationary period commenced May 30, 1997, and expired June 30, 2002.

On May 3, 2013, Wilson filed a motion for relief pursuant to section 1203.4.

On May 17, 2013, the parties appeared for a hearing on the motion. The matter was taken under submission and continued to June 7, 2013. On June 7, following stipulation of the parties, the court continued the matter to July 9, 2013.

On July 1, 2013, the motion was denied and the July 9 hearing date was vacated.

On August 30, 2013, Wilson filed a notice of appeal.

On September 19, 2013, a notice of completion of the clerk's transcript on appeal was filed with the Fresno Superior Court.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Subdivision (k) of section 288a provides as follows: "Any person who commits an act of oral copulation, where the act is accomplished against the victim's will by threatening to use the authority of a public official to incarcerate, arrest, or deport the victim or another, and the victim has a reasonable belief that the perpetrator is a public official, shall be punished by imprisonment in the state prison for a period of three, six, or eight years."

## DISCUSSION

Wilson complains he was entitled to the relief provided pursuant to section 1203.4, subdivision (a)[3] because he met all statutory requirements. Therefore, he asserts the trial court was required to grant the requested relief and committed error by denying his motion. He asks this court to reverse the order and remand with directions that the trial court grant his motion. The People submit, however, that because the appellate record fails to affirmatively demonstrate error, we should deny relief and affirm the trial court's ruling.

We do not reach the merits of the issues Wilson has briefed. Rather, because the record on appeal is inadequate for purposes of meaningful review, we will affirm the trial court's ruling.

We begin with the applicable procedural appellate rules. Rule 8.320 of the California Rules of Court concerns the normal record in a criminal appeal:

> "(a) Contents. [¶] If the defendant appeals from a judgment of conviction
> … the record must contain a clerk's transcript and a reporter's transcript,
> which together constitute the normal record."

Rule 8.320(c)(6) provides the reporter's transcript must include "[a]ny oral opinion of the court" and rule 8.320(c)(8) includes "oral proceedings … [of a] dispositional hearing." Significantly, too, rule 8.320(d) provides for the following:

---

[3]Subdivision (a)(1) provides as follows: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, … or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted …."

"(d) Limited normal record in certain appeals. If … the defendant … appeal[s] from an appealable order other than a ruling on a motion for new trial, the normal record is composed of:  [¶] … [¶]

"(2) *Reporter's transcript*

"(A) A reporter's transcript of any oral proceedings incident to the judgment or order being appealed; and

"(B) If the appeal is from an order after judgment, a reporter's transcript of:

"(i) The original sentencing proceeding …."  (Italics added.)

"It is axiomatic that it is the burden of the appellant to provide an adequate record to permit review of a claimed error, and failure to do so may be deemed a waiver of the issue on appeal."  (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1385, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; see, e.g., *People v. Diaz* (1983) 140 Cal.App.3d 813, 824 [failure to include preliminary hearing transcript precluded review of assertion of trial court error denying motion to set aside information]; *People v. Siegenthaler* (1972) 7 Cal.3d 465, 469 [on challenge to denial of motion to set aside information, defendant who "failed to include as part of the record on appeal the transcript of the preliminary hearing, … is … precluded from seeking appellate review of the denial of the motion"]; *People v. Scott* (1944) 24 Cal.2d 774, 777 ["After reading the transcript of the preliminary examination, the court denied the motion.  This transcript was not brought up on appeal, and error cannot be assumed in its absence"].)

In this matter, the record on appeal encompasses a 21-page clerk's transcript.  That transcript includes Wilson's motion for relief and accompanying documents filed May 3, 2013,  a series of minute orders,  and his notice of appeal.  It does not contain a reporter's transcript of any proceeding.

With regard to the clerk's transcript, the minute order of May 17, 2013, indicates Wilson's written motion was "taken under submission" on that date.  It also reflects the presence of a court reporter:  Heidi Benavides.  On June 7, 2013, the proceedings were apparently recorded by reporter Wendy Saffery; the motion was then "continued to

07/09/2013" by stipulation of all parties. Finally, the minute order dated July 1, 2013, indicates the court denied Wilson's motion and vacated the proceedings previously scheduled for July 9, 2013. No reporter's name appears. The aforementioned information amounts to the entirety of the appellate record. We find it is inadequate to permit review of the merits of the appeal.

There is no information before this court that would permit us to assess whether the trial court erred in denying Wilson's motion. Other than a bare assertion that the motion was denied, the record is utterly devoid of information in that regard. Notably, too, Wilson's opening brief[4] sheds no light on the matter, never identifying the reason given by the trial court for its denial of his motion.

Wilson has failed to show error by an adequate record, and we will not engage in speculation given the state of this record. (*In re Kathy P.* (1979) 25 Cal.3d 91, 102; *People v. Siegenthaler*, *supra*, 7 Cal.3d at p. 469; see *People v. Barton* (1978) 21 Cal.3d 513, 519-520 ["counsel has a duty to insure that there is an adequate record before the appellate court from which those contentions may be resolved on their merits"].) Nothing in the record supports the inference that defendant's motion was erroneously denied.

This court recognizes that a defendant who has successfully completed probation and met the associated terms is entitled to the benefits of section 1203.4 resulting in dismissal. (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1266.) However, given this inadequate record, we are unable to make any determination, one way or another, about Wilson's compliance with the terms of his probation, or any other circumstance that may have been considered by the trial court, or otherwise affected its resolution of the motion. All we know is that Wilson claims he successfully complied with his probationary term and its conditions, and that the trial court denied his motion in spite of those assertions. On this record, it is impossible to determine whether the trial court

---

[4]Wilson did not file a reply brief.

erred. In such circumstances, we presume the trial court acted properly. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

## DISPOSITION

The judgment is affirmed.