Filed 5/29/25  P. v. Morales CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084603 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF003762) |
| MARLON ALBERTO MORALES, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.


Marlon Alberto Morales appeals the judgment sentencing him to an additional prison term after a jury found him guilty of assault with a deadly

weapon and possession of a weapon while he was serving a prison term for a prior conviction. He contends the trial court erred by imposing and executing a concurrent term on the conviction of possession of a weapon while confined in prison instead of imposing and staying execution of the term. We disagree and affirm the judgment.

## BACKGROUND

While Morales was serving a prison sentence for murder, he and another prisoner weaved quickly through a group of prisoners who were returning from the dining hall to their housing unit. When Morales and the other prisoner reached a third prisoner, Moises Anthony Salais, they repeatedly stabbed him with sharp metal objects until prison guards arrived and stopped the attack. Salais sustained puncture wounds to his head, right shoulder, chest, and back.

The People charged Morales with assault with a deadly weapon while confined in prison (Pen. Code, § 4501, subd. (a); subsequent section references are to this code) and possession of a weapon while confined in prison (§ 4502, subd. (a)). They alleged Morales's prior murder conviction constituted a strike for purposes of the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12.)

A jury found Morales guilty of both charges. After the jury returned its verdicts, the court held a trial on the prior conviction allegation and found it true.

At the sentencing hearing, the court imposed an aggregate prison term of eight years to be served consecutively to the term Morales was already serving for murder. The court imposed the middle term of four years on the conviction of assault with a deadly weapon while confined in prison (§ 4501, subd. (a)), and doubled that term to eight years based on the prior strike

2

conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). The court imposed the middle term of three years on the conviction of possession of a weapon while confined in prison (§ 4502, subd. (a)), and doubled that term to six years based on the prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). Because the "transactional relationship" between the two crimes was "so close," the court ordered the six-year term to run concurrently with the eight-year term. (§ 669, subd. (a); Cal. Rules of Court, rule 4.425(a)(1).)

DISCUSSION

Morales assigns as error the trial court's failure to stay execution of the concurrent six-year prison term imposed on the conviction of possession of a weapon while confined in prison. He contends section 654 requires a stay because "[t]he evidence shows [he] possessed the metal weapon only in connection with his assault on the victim," and "[t]here was no evidence [he] had any intent to possess the weapon other than to assault the victim." We disagree.

Section 654, as relevant here, provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (*Id.*, subd. (a).) This provision limits punishment for multiple crimes if they arise out of the same act or omission or a course of conduct pursued with a single intent or objective. (*People v. Beamon* (1973) 8 Cal.3d 625, 639 (*Beamon*).) If the crimes were completed by a single physical act, the defendant may be punished for only one of the crimes. (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) If the crimes involve multiple acts committed with the same intent or objective, the defendant also may be punished for only one of the crimes. (*Beamon*, at p. 637.) If the defendant had multiple intents or objectives that were not

3

merely incidental to one another, however, he may be punished for crimes committed in pursuit of each intent or objective even though they shared common acts or were parts of an otherwise indivisible course of conduct. (*Id.* at p. 639.) Whether the defendant had a separate intent or objective for each crime is a factual question for the trial court. (*People v. Coleman* (1989) 48 Cal.3d 112, 162.) On that issue, we review the court's express or implied finding for substantial evidence, consider the evidence in the light most favorable to the judgment, and draw every inference the court reasonably could have drawn. (*People v. Hicks* (2017) 17 Cal.App.5th 496, 514–515 (*Hicks*); *People v. Andra* (2007) 156 Cal.App.4th 638, 641–642.)

California courts have applied the rules stated above in various contexts to decide whether section 654 prohibits punishing a defendant for both unlawful possession of a weapon (often a firearm) and another crime in which he used the weapon. If " 'the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the firearm has been held to be improper.' " (*People v. Bradford* (1976) 17 Cal.3d 8, 22.) Section 654 thus prohibits multiple punishment when the defendant obtained the weapon *during* the crime in which he used it, such as when the defendant wrested a revolver from the victim whom he then shot (*Bradford*, at pp. 13, 22) or struggled over a gun with the victim whom he then shot (*People v. Venegas* (1970) 10 Cal.App.3d 814, 820, 821). But if " 'the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved.' " (*Bradford*, at p. 22.) Hence, section 654 is inapplicable when the defendant arrived at the scene of the primary crime already in possession of the weapon, such as when the defendant drove to the scene with a firearm and discharged it at an inhabited dwelling (*People v. Jones* (2002)

4

103 Cal.App.4th 1139, 1142, 1147 (*Jones*)) or possessed a nunchaku before he entered a store where he assaulted the victims with it (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1218).

In this case, the trial court made no express finding on whether Morales had separate intents or objectives in possessing the weapon and in using it to assault Salais. The court found the "transactional relationship" between the two crimes was "so close" that it imposed on the section 4502 conviction a concurrent prison term rather than a consecutive one. It did not, however, mention section 654 or stay execution of the concurrent term. When no reference is made to section 654 at the sentencing hearing, the court's imposition of concurrent prison terms is deemed an implied finding that each crime had a separate intent or objective. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468; *People v. Tarris* (2009) 180 Cal.App.4th 612, 626.) We must uphold the implied finding if substantial evidence supports it. (*Hicks, supra*, 17 Cal.App.5th at pp. 514–515; *People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

Substantial evidence supports a finding that Morales had separate (albeit related) intents or objectives in committing the two crimes of which the jury found him guilty. The crime of possession of a weapon while confined in prison was complete when he knowingly carried the sharp metal object. (§ 4502, subd. (a); *People v. Strunk* (1995) 31 Cal.App.4th 265, 272; *People v. Hudgins* (1967) 252 Cal.App.2d 174, 185.) Possession with a specific intent or purpose was not required to commit the crime. (*People v. Saavedra* (2007) 156 Cal.App.4th 561, 571; *People v. Steely* (1968) 266 Cal.App.2d 591, 594 (*Steely*).) The crime of assault with a deadly weapon while confined in prison was complete when Morales intentionally used the sharp metal object in a way he knew would probably and directly result in the application of

5

physical force against Salais. (§ 4501, subd. (a); *People v. Superior Court (Mendez)* (2022) 86 Cal.App.5th 268, 278–279.) As the facts of this case illustrate, "[w]hat the [prisoner] does with the weapon later is another separate and distinct transaction undertaken with an additional intent which necessarily is something more than the mere intent to possess the proscribed weapon. [Citation.] In other words, in the case here, [Morales's] intent to possess the weapon did not import or include the intent to commit the [assault]." (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1414 (*Ratcliff*).) Morales "arrived at the scene of [the assault] already in possession of the [weapon]," and his use of the weapon to stab Salais "required a second intent *in addition* to his original goal of possessing the weapon." (*Jones, supra*, 103 Cal.App.4th at pp. 1145, 1147.)

Even if Morales committed the two crimes with a single generalized intent or objective (i.e., to attack Salais), separate punishment would still be permissible. Under section 654, "a course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment." (*Beamon, supra*, 8 Cal.3d at p. 639, fn. 11.) If enough time elapses after the commission of one crime to allow the defendant to reflect and to renew his intent before commission of another crime, section 654 does not prohibit separate punishment. (See, e.g., *People v. Gaynor* (2019) 42 Cal.App.5th 794, 803 [separate punishment for forgery and identity theft permissible when defendant tried to cash check payable to third party by presenting credit card with third party's name on it]; *People v. Clair* (2011) 197 Cal.App.4th 949, 960 [separate punishment permissible when criminal acts were separated by at least 10 minutes]; *People v. Trotter* (1992) 7 Cal.App.4th 363, 368 [separate punishment permissible for two assaults based on gunshots fired "about a minute" apart].) Here, the evidence showed

6

Morales carried the sharp metal object while he weaved his way through other prisoners as they moved from the dining hall to their housing unit, and he then used the weapon to stab Salais. Although Morales committed the two crimes close in time, he had enough time after committing the first one " 'to reflect and renew his . . . intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken.' " (*Gaynor*, at p. 800.)

Under these circumstances, prohibiting multiple punishment would not further the purpose of section 654 "to ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Correa* (2012) 54 Cal.4th 331, 341.) "[T]his concept works both ways. It is just as undesirable to apply the statute to lighten a just punishment as it is to ignore the statute and impose an oppressive sentence." (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 715.) Section 4502 targets the threat posed to prison staff and other prisoners by prisoners who possess weapons. (*Steely, supra*, 266 Cal.App.2d at p. 595.) "We see no reason why a [prisoner] who chooses to arm himself . . . in violation of section [4502] should escape punishment for that offense because he . . . uses the [weapon] to commit a second offense." (*Jones, supra*, 103 Cal.App.4th at p. 1148.) Rather, Morales "violated the law first when as a prisoner he possessed the weapon and again when as a prisoner he used it to assault [Salais]; he can, and should, be punished for both violations." (*People v. Coleman* (1973) 32 Cal.App.3d 853, 859.)

We are not persuaded to reach a different result by *People v. Cruz* (1978) 83 Cal.App.3d 308, on which Morales principally relies. In that case, the evidence showed Cruz returned to a bar minutes after he had been refused entrance and shot the doorman and two others. (*Id.* at p. 314.) He was convicted of three counts of assault with a deadly weapon (a firearm) and

7

one count of possession of a firearm by a felon.  (*Id.* at p. 313.)  On appeal, the People conceded they "failed to prove that [Cruz's] possession of the handgun was 'antecedent [to] and separate' from his use in the assaults."  (*Id.* at p. 333.)  The Court of Appeal stated that if the same evidence were introduced on retrial and Cruz were found guilty of any of the assault charges and the charge of possession of a firearm by a felon, section 654 would bar separate punishment for the conviction of possession of a firearm by a felon.  (*Ibid.*)  In this case, the People have not conceded the section 654 issue.  We agree with those courts that have stated *Cruz* "simply failed to address the issue of prior or subsequent possession of the weapon or . . . reached the wrong result on the facts."  (*Ratcliff, supra*, 223 Cal.App.3d at p. 1412; accord, *Jones, supra*, 103 Cal.App.4th at p. 1145.)

DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:

CASTILLO, J.

RUBIN, J.

8